NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARQUIES LASHAWN POWELL, *Appellant.*

No. 1 CA-CR 15-0025
FILED 8-11-2015

Appeal from the Superior Court in Maricopa County
No. CR2014-135794-001
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1        Marquies Lashawn Powell ("Defendant") appeals from his conviction and sentence for aggravated assault, a class three dangerous nature felony; disorderly conduct, a class six dangerous nature felony; assault, a class one misdemeanor; and assault, a class one misdemeanor. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1]  Finding no reversible error, we affirm.

*Facts and Procedural History*[2]

¶3        Defendant's charges arise from an incident that occurred during the early morning hours of July 25, 2014.  Specifically, Victim A.F,

---

[1]     Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]     We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

Defendant's girlfriend, and Victim L.H., Defendant's girlfriend's sister, were both involved in an altercation with Defendant in L.H.'s apartment.

¶4            During the incident, A.F. and Defendant became involved in an argument.  At some point during the argument, Defendant hit A.F. on the wrist with his cell phone, causing a visible mark.

¶5            L.H. saw the confrontation, and pulled Defendant away from A.F.  In response, Defendant grabbed L.H., holding his forearm against her throat, pushing her face into the kitchen sink, and then pushing her up against a wall and holding his hand over her nose and mouth.  Next, Defendant took two knives from a drawer in the kitchen and threatened L.H. with the knives.  When L.H. started towards her bedroom, Defendant followed her, still displaying the knives; Defendant then pushed L.H. into a doorjamb.  L.H. sustained injuries to her mouth, neck, and lower back.

¶6            Officers responded to the scene and arrested Defendant. While Defendant was exiting the apartment, an officer heard something fall and hit the apartment landing.  The officer subsequently found a knife where Defendant had been standing, as well as another knife inside the apartment.

¶7            Defendant was charged with aggravated assault, a class three dangerous felony; disorderly conduct, a class six dangerous felony; and two counts of misdemeanor assault.  Trial began on November 19, 2014, and on November 26, 2014, the jury found Defendant guilty of all charges.  The trial court held an aggravation trial following the verdict.  The jury determined that the State had proved several aggravating circumstances, and that both the aggravated assault and disorderly conduct convictions were dangerous nature offenses.

¶8            At sentencing, the trial court considered all of the aggravating and mitigating evidence.  Defendant was given an opportunity to address the court. The trial court imposed mitigated prison terms of 5.5 years as to count one and 2 years as to count two.  As to counts three and four, the trial court imposed 6 months jail.  Defendant received 167 days' credit for time served.  The trial court ordered all counts to run concurrently.

*Discussion*

¶9            We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none.  *Clark*, 196 Ariz. at 541, ¶ 49.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence

supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶10　　　　Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

### Conclusion

¶11　　　　For the foregoing reasons, Defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: RT